Trend Intermodal Chassis Leasing LLC,

*Plaintiff,*

v.

Zariz Transport Inc,

*Defendant*

Kuehne + Nagel Inc.

Medline Industries LP

*Garnishees*

CIVIL ACTION NO.: 3:23-cv-01143

**DEFENDANT ZARIZ TRANSPORT INC.'S MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO DEEM INAPPLICABLE, OR TO DISSOLVE,
THE STAY IMPOSED BY FED. R. CIV. P. 62(a)**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT……………………………………………………………1

FACTS…………………………………………………………………………………… 1

A. Procedural History……………………………………………………………….. 1

B. Zariz's Request for the Release of Funds and Trend's Interference Therewith…….........3

ARGUMENT………………………………………………………………………….. 4

Point I:   THE STAY IMPOSED BY RULE 62(a) DOES NOT APPLY TO
          MARITIME CASES………………………………………………………4

Point II:  ALTERNATIVELY, THIS COURT SHOULD EXERCISE ITS
          DISCRETION TO DISSOLVE THE STAY…………………………………...5

CONCLUSION……………………………………………………………………………7

# <u>TABLE OF AUTHORITIES</u>

**CASES**

*Alyeska Pipeline Service Co. v. Vessel Bay Ridge*,
703 F.2d 381 (9th Cir 1983),
*abrogated on other grounds by Ventura Packers, Inc. v. F/V Jeanine Kathleen*,
424 F.3d 852 (9th Cir. 2005)…………………………………………………………………5

*Atwood Turnkey Drilling v. Petroleo Brasileiro*,
875 F. 2d 1174 (5th Cir. 1989)…………………………………………………………………..6

*John B. Hull, Inc. v. Waterbury Petroleum*,
588 F.2d 24 (2nd Cir. 1978),
*cert. denied*, 440 U.S. 960 (1979)………………………………………………………………6

*National Screen Service Corp. v. Poster Exchange, Inc*.,
305 F.2d 647 (5th Cir. 1962)……………………………………………………………………6

*PSARA Energy, LTD v. SPACE Shipping, Ltd.*,
No. 3:17-CV01811(VAB), 2017 WL 6629267 (D. Conn. Nov. 30, 2017)……………………...6

**RULES**

Fed. R. Civ. P. 62(a)…………………………………………………………………………*Passim*

Supp. Fed. R. Civ. P. A(2)……………………………………………………………………… 4

Supp. Fed. R. Civ. P. E(5)(c)…………………………………………………………………….4,5

Committee Notes on Rules—2018 Amendment to Rule 62(a)…………………………………5

Defendant Zariz Transport Corp. Inc. ("Zariz"), by and though its undesigned counsel, respectfully submits this memorandum of law in support of its motion for an order determining that the 30-day stay imposed by Fed. R. Civ. P. 62(a) is inapplicable to the Judgment entered in this action on January 10, 2024, or alternatively, dissolving the stay pursuant to Fed. R. Civ. P. 62(a). For the reasons set forth herein and in the accompanying Appendix ("Appx."), Zariz's motion should be granted.

## PRELIMINARY STATEMENT

This Court's January 10, 2024 Memorandum Opinion and Order, which vacated the maritime attachments and garnishments issued in this action and dismissed this action without prejudice for lack of subject matter judication, and this Court's January 10, 2024 Judgment implementing the vacatur and dismissal, entitle Zariz to immediately receive payment from the released garnishees. Trend's attempted invocation of the 30-day stay imposed by Rule 62(a) is without merit, first, because Rule 62(a) does not apply to the vacatur of maritime attachments and garnishments, and second, because this Court should in any event exercise its discretion to dissolve such a stay.

## FACTS

### A. Procedural History

On May 5, 2018, Trend commenced this action by filing a Complaint purporting to invoke federal admiralty and maritime jurisdiction under Federal Rules of Civil Procedure 9(h) and 28 U.S.C. § 1333. (Dkt. 1 at ¶1). The Complaint sets forth two causes of action. The first cause of action is for Zariz's alleged breach of a purported maritime contract. (*Id*. at ¶¶ 12-15). The second cause of action seeks a maritime attachment and garnishment with respect to property held by a garnishee, JP Morgan Bank N.A. ("JPM"). (*Id.* at ¶¶ 16-21).

1

By Memorandum Opinion and Order dated May 30, 2023, this Court granted Trend's motions seeking (i) the issuance of a Maritime Attachment and Garnishment under Rule B as to property held by JPM, and (ii) the Appointment for Service of Process of Maritime Attachment and Garnishment. (Dkt. 16). The attachment and garnishment were subsequently served on JPM.

By Notice of Dismissal of Garnishee dated June 29, 2023, Trend dismissed JPM from the action. (Dkt. 20). On July 14, 2023, Zariz filed an Answer to the Complaint. (Dkt, 22).

On July 26, 2023 and July 27, 2023, Trend filed applications with the Clerk for the issuance of a supplemental writ of Maritime Attachment and Garnishment to JPM (Dkt. 29) and for the issuance of writs of Maritime Attachment and Garnishment to two new garnishees, Kuehne + Nagel Inc. ("K&N') and Medline Industries LP ("Medline") (Dkt. 31). Those writs were issued by the Clerk, and were subsequently served on K&N and Medline.

By Notice of Dismissal of Garnishee dated August 1, 2023, Trend again dismissed JPM from the action. (Dkt. 39). However, Trend did not dismiss K&N and Medline, or vacate the maritime attachments and garnishments authorized by this Court.

On October 20, 2023, Zariz moved pursuant to Supp. Fed. R. Civ. P. E(4)(f) to vacate the maritime attachments and garnishments, arguing that the Court lacked maritime jurisdiction over this action. (Dkt. No. 59). Trend filed a response, *see* Dkt. 65, and Zariz filed a reply, *see* Dkt. No. 70. Under Rule E(4)(f), the Court held a hearing on December 28, 2023, at which both Trend and Zariz presented oral argument. (*See* Dkt. 72.).

On January 10, 2024, this Court issued a Memorandum Opinion and Order vacating the maritime attachment and garnishments and dismissing the action without prejudice for lack of subject matter jurisdiction (the "Dismissal Order," Dkt. 74). The Dismissal Order held that the lease agreement at issue in the action was not a maritime contract, and that Zariz's motion was not

untimely. *See id.* at 5-15. The Dismissal Order further rejected Trend's request for a stay pending appeal, finding, *inter alia*, that Trend could not demonstrate a likelihood of success, and that the Court's demonstrated lack of subject matter jurisdiction weighed against a stay. *See id.* at 18-20.

On January 10, 2024, the Court entered a Judgment stating in relevant part:

> It is therefore, ordered, adjudged, and decreed that this action is dismissed without prejudice. All current writs of attachment and garnishment issued by this Court in this case shall be vacated and allowable and reasonable costs are taxed against Plaintiff.

*See* Dkt. 75.

**B.** **Zariz's Request for the Release of Funds and Trend's Interference Therewith**

Following the Court's issuance of the Dismissal Order, on January 10, 2024, Zariz's counsel wrote to counsel for K&N by email, attaching a copy of the Dismissal Order and requesting K&N's release and payment of the funds owed to Zariz. Appendix, 7-28.

On January 11, 2024, K&N's counsel responded by email, stating that K&N had also been contacted by Trend's counsel, who had advised K&N that the Judgment was (supposedly) stayed for 30 days pursuant to Fed. R. Civ. P. 62(a). Appendix, 29-32. K&N's counsel further stated that, due to the (supposed) stay, absent further order of this Court, K&N would not release payment to Zariz until Febuary 10, 2024. *Id.*

Zariz now moves for an order determining that the Judgment, which vacated the attachments and garnishments and dismissed this action, is not stayed under Rule 62(a), or alternatively, dissolving the stay pursuant to Rule 62(a).

## ARGUMENT

Point I

## THE STAY IMPOSED BY RULE 62(a) DOES NOT APPLY TO MARITIME CASES

Fed. R. Civ. P. 62(a) provides:

> (a) AUTOMATIC STAY. Except as provided in Rule 62(c) and (d), execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, *unless the court orders otherwise*. (emphasis added).

As a threshold matter, Zariz is neither seeking to "execute on" a Judgment, nor is it undertaking any "proceeding" to enforce the Judgment. Zariz has merely *requested* K&N's payment of the sums it owes Zariz, without yet filing a turnover motion or employing other judicial process to compel that result. Under the plain language of Rule 62(a), there is absolutely no bar to K&N's payment of funds to Zariz.

Furthermore, the Supplemental Rules of Civil Procedure applicable to maritime cases provide for the immediate recovery of improperly attached or garnishment property. Where a conflict exists between the general provisions of the Federal Rules and the Supplemental Rules specifically governing maritime cases, the Supplemental Rules control *See* Supp. Fed. R. Civ. P. A(2) ("The Federal Rules of Civil Procedure also apply to the foregoing proceedings except to the extent that they are inconsistent with these Supplemental Rules.").

Supplemental Rule E(5)(c) states as follows:

> (c) *Release by Consent or Stipulation; Order of Court or Clerk; Costs.* Any vessel, cargo, or other property in the custody of the marshal or other person or organization having the warrant may be released forthwith upon the marshal's acceptance and approval of a stipulation, bond, or other security, signed by the party on whose behalf the property is detained or the party's attorney and expressly authorizing such release, if all costs and charges of the court and its officers shall have first been paid. *Otherwise no property in the custody of the marshal, other person or organization having the warrant, or other officer of the court shall be released without an order of the court; but such order may be entered **as of course** by the clerk,* upon the

giving of approved security as provided by law and these rules, *or upon the dismissal or discontinuance of the action*; but the marshal or other person or organization having the warrant shall not deliver any property so released until the costs and charges of the officers of the court shall first have been paid. (emphasis added).

In *Alyeska Pipeline Service Co. v. Vessel Bay Ridge,* 703 F.2d 381 (9th Cir 1983), *abrogated on other grounds by Ventura Packers, Inc. v. F/V Jeanine Kathleen*, 424 F.3d 852 (9th Cir. 2005), the United States Court of Appeals for the Ninth Circuit held that that the statutory stay imposed by Rule 62(a) is inconsistent with, and is superseded by, Supplemental Rule E(5)(c), which provides for the immediate release of attached/garnished property upon vacatur and dismissal of the action. The *Alyeska* court stated, "Since the Rule 62(a) automatic [now 30-day] stay is inconsistent with Rule E(5)(c), Rule 62(a) must give way." *Id.* at 385.

The Court should adopt *Alyeska*'s holding, by determining that the stay imposed by Rule 62(a) does not apply to this Court's vacatur of maritime attachments and garnishments and the resulting Judgment.

Point II

## ALTERNATIVELY, THIS COURT SHOULD EXERCISE ITS DISCRETION TO DISSOLVE THE STAY

Alternatively, even if this Court determines that the stay imposed by Rule 62(a) applies to maritime cases, it should nonetheless exercise its discretion to dissolve the stay. Rule 62(a) imposes a stay "unless the Court orders otherwise." The Advisory Committee Notes to Rule 62(a) make clear that a District Court has discretion to dissolve a Rule 62(a) stay where equitable. *See* Committee Notes on Rules—2018 Amendment to Rule 62(a) ("Amended Rule 62(a) expressly recognizes the court's authority to dissolve the automatic stay or supersede it by a court-ordered stay.").

Under the facts here, dissolution of the stay is appropriate. In the Dismissal Order, this

Court recognized that Trend has virtually no likelihood of success on appeal. *See* Dkt. 74 at 17 ("Trend has not shown a likelihood of success on the merits….The standards governing the lease agreement in this case are well-established, and the only question is whether the Court correctly applied the standards to the facts. And, so, Trend has not presented a serious legal question, and this standard is inapplicable."). The Court also concluded that, "the Court does not find that Trend has shown irreparable injury," *id.* at 19, and stated that "there is a strong public interest 'not to have the Court exercise authority over parties over whom the Court lacks jurisdiction.'" *Id.* at 20 (citing *PSARA Energy, LTD v. SPACE Shipping, Ltd.,* No. 3:17-CV01811(VAB), 2017 WL 6629267, at *4 (D. Conn. Nov. 30, 2017)). Finally, the Court stated, "The Court is unwilling to continue holding a garnishee's approximately $138,000 without sufficient reason, particularly when Trend has failed to show a likelihood of success on the merits." *Id.*

Even more importantly, Zariz's present inability to recover the sums owed it by K&N prevents Zariz from doing further business with K&N, which puts Zariz's entire business operation at risk. Appendix, 3-4. Courts routinely grant preliminary injunctions where "the potential economic loss is so great as to threaten the existence of the movant's business." *Atwood Turnkey Drilling v. Petroleo Brasileiro*, 875 F. 2d 1174, 1179 (5th Cir. 1989). *See also, National Screen Service Corp. v. Poster Exchange, Inc*., 305 F.2d 647 (5th Cir. 1962) (no abuse of discretion where denial of injunctive relief would result in the destruction of movant's business), *John B. Hull, Inc. v. Waterbury Petroleum*, 588 F.2d 24 (2nd Cir. 1978), *cert. denied*, 440 U.S. 960 (1979) (possibility of going out of business is irreparable harm). Here, Zariz is not asking for an injunction in its favor, but, far less drastically, the mere discretionary dissolution of any stay imposed in Trend's favor under Rule 62(a).

Under these facts, it would be patently unjust to permit Trend to continue to hold Zariz's

payments hostage. Trend should not be permitted to sidestep this Court's well-reasoned denial of its request for a stay pending appeal, by relying instead on a Rule 62(a) stay that does not apply in this case (*see Alyeska, supra*), and which is otherwise wholly inappropriate and inequitable under the facts of this case.

## CONCLUSION

For the reasons set forth above, Zariz's motion should be granted.

Dated: New York, New York
      January 12, 2024

Respectfully submitted,

A.Y. STRAUSS, LLC

JACKSON WALKER LLP

By: /s/ David Salhanick
   David Salhanick, Esq.
NJ Bar No. 041022011
Email; dsalhanick@aystrauss.com
290 West Mount Pleasant Avenue,
Livingston, New Jersey 07039
Telephone; (973) 425-5548
Fax: (973) 840-2123
*Admitted Pro Hac Vice*

By: /s/ Joseph A. Fischer, III
   Joseph A. Fischer, III
Texas State Bar No. 00789292
Email: tfischer@jw.com
1401 McKinney, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4200
Fax: (713) 752-4221

## CERTIFICATE OF SERVICE

I hereby certify that this 12th day of January, 2024, a true and correct copy of the foregoing was served on all counsel of record in accordance with the Federal Rules of Civil Procedure via the Court's ECF filing system:

/s/ David Salhanick
David Salhanick